■ MARY WILLIAMS et al., Respondents, v. GEORGE W. FITTING et al., Appellants.— Appeals by defendants from two orders of the Supreme Court, Queens County, dated January 25, 1967 and April 18, 1967 respectively, i.e., from so much of the first order as denied their motion insofar as it was to dismiss the first cause of action in the complaint and from the entirety of the second order, which denied their motion (a) for reargument of said portion of the prior motion or (b) in the alternative to require plaintiffs to serve an amended complaint repleading the first cause of action. Order dated January 25, 1967 reversed insofar as appealed from, with $20 costs and disbursements, and defendants' motion insofar as it was for the dismissal of the first cause of action granted, without costs, and with leave to plaintiffs to serve an amended complaint. Such amended complaint may be served within 20 days after service of the order hereon with notice of entry and upon payment of the costs and disbursements on this appeal. Appeal from order dated April 18, 1967 dismissed, without costs. In our opinion, the first cause of action alleges an agreement to establish a trust which is unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 8 [now General Obligations Law, § 5-701, subd. 8]). However, as plaintiffs may be able to allege a cause of action different from the one set forth in the first cause of action, they should be permitted to serve an amended complaint, upon payment of the costs and disbursements on the appeal from the order dated January 25, 1967. Not only is the appeal from the order dated April 18, 1967 academic, but we would be required to dismiss it in any event. Insofar as this order denied reargument, it is not appealable (*De Fabio* v. *Nadler Rental Serv.*, 27 A D 2d 931); and, insofar as it denied the alternative relief requested, it does not appear that permission to appeal was obtained, as required by statute (CPLR 5701, subd. [b], par. 2; 5701, subd. [c]). Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.